GEORGE POPE
v.
THE PEOPLE OF THE STATE OF ILLINOIS.

*Dram Shop's—Nuisance—Indictment—Improper Verdict.*

Upon an indictment charging the defendant with keeping a common
nuisance, under Sec. 7 of the Dram Shop Act, there being four counts and
but one offense, it is *held:* That the latter part of the verdict, finding the
defendant herein guilty upon the "first, second, third and fourth counts of
the indictment," was unauthorized by the law and unwarranted by the evi-
dence.

[Opinion filed January 19, 1888.]

APPEAL from the Circuit Court of Kendall County; the
Hon. C. W. UPTON, Judge, presiding.

Messrs. FOWLER BROTHERS, for appellant.

Mr. JOHN FITZGERALD, State's Attorney, for appellee.

WELCH, P. J.    The indictment in this case charged plaint-
iff in error with keeping a common nuisance, under the 7th
section of the Dram Shop Act. The indictment contained
four counts. The first count describes the premises and charges
that on the first day of January, 1886, and on divers other

days and times between said day and the day of the finding of the indictment, the plaintiff in error not having a license to keep a dram shop, intoxicating liquors unlawfully did then and there sell to be drunk on the premises when so sold. The second count charged that on the 10th of January, 1887, and on divers other days and times from said date to the day of finding the indictment, the plaintiff in error not having a license to keep a dram shop, intoxicating liquors unlawfully did then and there sell to be drunk upon the premises adjacent thereto. The third count describes the location of the premises as near unto divers public roads, being the common highways, and also near unto the dwelling houses of divers citizens, etc., and charges that the plaintiff in error, on the 1st day of January, 1886, and on divers other days and times between that day and the day of finding the indictment, not having a license to keep a dram shop, intoxicating liquors unlawfully did then and there sell to be drunk upon the premises where so sold. The fourth count describes the location of the premises as near unto divers public roads, and also near unto the dwelling houses of divers citizens, and charges that the plaintiff in error, on the 1st day of January, 1886, and continuing from said day to the day of finding the indictment, not having a license to keep a dram shop, intoxicating, liquors did then and there sell to be drunk upon the premises where so sold, and in and upon an adjacent room, building, yard and place of public resort. Motion to quash indictment. Motion overruled. Plea not guilty. Trial and verdict. "We the jury, find the defendant guilty of keeping a common nuisance, as charged in the indictment. And we find him guilty upon the first, second, third and fourth counts of the indictment." Motion for a new trial, and in arrest of judgment. Motion overruled. Judgment on verdict imposing a fine of $50 upon each count, and committing the defendant to the county jail for fifty days, and that he stand committed until fine and costs are paid. From which judgment this writ of error is prosecuted. Various errors are assigned. The verdict and judgment is clearly erroneous. The latter part of the verdict, "and we find him guilty upon the first, second,

third and fourth counts of the indictment," was unauthorized by the law and unwarranted by the evidence. The indictment, although containing four counts, charged but one offense.

The separate counts were but one offense. The separate counts were but the statement of the offense, stated as having been committed in a different way, and not a statement of separate and distinct offenses. The sales were all made in the same premises, and during the time charged in first count. The place where the liquor was to be drunk was stated differently. We should not have been inclined to disturb the verdict if it had not embraced this latter finding.

The motion for a new trial should have been allowed. For the error in overruling said motion and entering judgment, the judgment is reversed and cause remanded for a trial *de novo.*

*Reversed and remanded.*